**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN PATTERSON,

        Plaintiff - Appellee,

   v.

SIX FLAGS THEME PARKS, INC.; SIX
FLAGS ENTERTAINMENT CORP.;
PARK MANAGEMENT CORP.,

        Defendants - Appellants.

No. 25-2070

D.C. No.
2:21-cv-02398-KJM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted July 8, 2026
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Defendants Six Flags Theme Parks, Inc., Six Flags Entertainment Corp., and

Park Management Corp. (collectively, "Six Flags"), appeal the district court's

judgment after a bench trial and issuance of a permanent injunction. The district

court found that Six Flags violated Title III of the Americans with Disabilities Act

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("ADA") and California's Unruh Act.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. "We review permanent injunctions under three standards: we review 'factual findings for clear error, legal conclusions de novo, and the scope of the injunction for abuse of discretion.'" *United States v. Washington*, 853 F.3d 946, 962 (9th Cir. 2017). Because district courts have considerable discretion in crafting injunctive relief, appellate review "is correspondingly narrow." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) (quoting *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1256 n.16 (9th Cir. 1982)).

The permanent injunction requires Six Flags Discovery Kingdom park and Six Flags's national call center, through a series of actions, to make good faith efforts to provide reasonable accommodations to Discovery Kingdom park guests who are deaf or hard of hearing.

On appeal, Six Flags challenges only three provisions of the injunction. First, Six Flags challenges Section D(2), which requires Six Flags to submit quarterly compliance reports to the court. Second, Six Flags challenges Section F(1)(a), as modified by a minute order issued on April 2, 2025, which sets the district court's jurisdiction to enforce the injunction for three years and thirty days. Third, Six Flags challenges Section F(1)(b), which requires Six Flags to permit Plaintiff Melvin Patterson's counsel to review the records that Six Flags must

maintain under the injunction, within thirty days of a written request. Six Flags argues that these provisions (collectively, "the monitoring provisions") are overbroad, constituting an abuse of discretion. Patterson contends, as a threshold matter, that Six Flags forfeited these arguments.

We assume without deciding that Six Flags sufficiently raised these arguments before the district court. We hold that the monitoring provisions were a proper exercise of the district court's discretion.

"[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011) (internal quotations omitted). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown." *Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987). "On the other hand, an injunction is not necessarily made over-broad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action—*if such breadth is necessary to give prevailing parties the relief to which they are entitled*." *Id.* at 1170–71.

The district court determined that the monitoring provisions were necessary to provide complete relief to Patterson, who credibly testified that he wished to visit Discovery Kingdom park in the future. The monitoring provisions are

supported by the district court's factual findings, which began with an observation that Six Flags "seem[s] not to have understood [its] obligations under the ADA, even after all these years." The district court found that, from June 2021 to September 2021, Patterson interacted with at least eight representatives of Six Flags, who "ignored [his] emails, directed [him] to three different policies, gave him contradictory instructions, and never offered to provide an interpreter or other assistive device for upcoming visits to Six Flags Discovery Kingdom." The district court determined that Six Flags denied Patterson accommodations on nine occasions because of Six Flags's "training regimen and company policies," not because of an "isolated case of negligence." Six Flags does not object to any of these findings.

Accordingly, the monitoring provisions are not overbroad in scope, as they "are aimed at eliminating the [statutory] violations found by the district court and therefore do not constitute an abuse of discretion." *Melendres v. Arpaio*, 784 F.3d 1254, 1266–67 (9th Cir. 2015). "Provided it is not 'overly burdensome,' such oversight can be a proper exercise of the district court's discretion 'because it helps ensure compliance with the injunction.'" *Thomas v. County of Los Angeles*, 978 F.2d 504, 510 (9th Cir. 1992) (quoting *Gluth v. Kangas*, 951 F.2d 1504, 1511 (9th Cir. 1991)). Here, Six Flags has made no showing that it is unduly burdened by the district court retaining jurisdiction for three years and thirty days while Six

Flags submits quarterly compliance reports and makes required records available to Patterson's counsel upon request. Exercising its "considerable discretion," *Lamb-Weston*, 941 F.2d at 974, the district court appropriately determined that these provisions were "necessary to give [Patterson] the relief to which [he is] entitled," i.e., full participation at Six Flags Discovery Kingdom park during future visits. *See Bresgal*, 843 F.2d at 1170–71 (emphasis omitted).

**AFFIRMED.**